UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
NOV 0 2 2007

***

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 05-30006 |
| Plaintiff, | * | |
| -vs- | * | REPORT AND RECOMMENDATION |
| | * | AND ORDER OF DETENTION |
| STUART DION, | * | |
| Defendant. | * | |

***

The Government has filed a Petition to Revoke Supervised Release, Docket No. 31, alleging that Defendant, Stuart Dion, violated conditions of his supervised release in three respects, namely:

1. On or about August 15, 2007, in Rapid City, South Dakota, he failed to reside and participate in a community corrections facility program as directed by the probation office in that he was unsuccessfully terminated from the Community Alternatives of the Black Hills for failure to follow the rules and expectations of that facility in violation of Special Condition No. 5 of the conditions of his supervised release;

2. On or about September 20, 2007, again in Rapid City, South Dakota, he consumed alcoholic beverages, in violation of Special Condition No. 1 of the conditions of his supervised release; and

3. On or about the aforesaid date, in the same place, he committed the offense of simple assault/domestic violence, in violation of the general condition of release that prohibited him from committing a federal, state, local or tribal crime.

At the hearing, the Government appeared by and through Donald E. Tinklepaugh, an Assistant United States Attorney, and Defendant appeared with his counsel, Edward G. Albright, an Assistant Federal Public Defender. The Court thereafter heard testimony from

four witnesses and received five exhibits into evidence. During the hearing, Defendant made numerous objections to the admission of certain hearsay evidence. The Court conditionally admitted the evidence subject to potential exclusion of it upon review of the case and reexamination of the objections.

Proof beyond a reasonable doubt is not required at a revocation hearing. Instead, revocation of supervised release simply requires proof by a preponderance of the evidence. 18 U.S.C. §3583(e)(3).

In addition, the Federal Rules of Evidence do not apply in supervised release revocation hearings. See Fed. R. Evid. 1101(d)(3); United States v. Redd, 318 F.3d 778, 783 (8th Cir.), cert denied, 539 U.S. 921 (2003). That is not to say, of course, that all hearsay evidence is admissible. Instead, such evidence may be admitted if it is sufficiently reliable and the Government has a "reasonably satisfactory explanation" for not producing the declarant. United States v. Martin, 371 F.3d 446, 448 (8th Cir.), cert denied, 543 U.S. 1004 (2004).

Having reviewed and considered all of the evidence and testimony presented and assessed the credibility of the witnesses who testified, the Court finds, by a preponderance of the evidence, that Defendant committed all three of the violations alleged in the revocation Petition. The Court does so even if the assailed hearsay evidence is deemed to be inadmissible, finding that notwithstanding such evidence, there is sufficient other admissible evidence in the record to sustain the violations. Accordingly, the Court hereby

RECOMMENDS that Defendant's supervised release be revoked, that a supplemental presentence investigation be ordered and that a dispositional hearing be set. It is also

ORDERED that Defendant shall remain detained in the custody of the U.S. Marshal's Service.

Dated this 1st day of November, 2007, at Pierre, South Dakota.

BY THE COURT:

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
BY: _____
       / Deputy
(SEAL)

NOTICE

Failure to file written objections to the within and foregoing Report and Recommendations for Disposition within ten (10) days from the date of service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned United States District Judge. See 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).